■ In the Matter of ALONZO COOK, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [713 NYS2d 507] —Appeal from a judgment of the Supreme Court (Lamont, J.), entered November 3, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to state a cause of action.

Petitioner was convicted of murder in the second degree in 1965 and was sentenced to a prison term of 20 years to life. In

1983, while on parole supervision, petitioner was convicted of attempted assault in the second degree and was sentenced as a second felony offender to 2 to 4 years' imprisonment. Petitioner's parole was thereafter revoked. Petitioner commenced this CPLR article 78 proceeding to amend his correctional records to reflect that his 1983 sentence has expired and that he is currently serving only his 1965 sentence. Supreme Court dismissed the petition and we affirm.

Petitioner's assertion of contrary language in a 1986 Westchester County Supreme Court decision and 1991 Richmond County Supreme Court decision notwithstanding, he is still subject to the 1983 conviction inasmuch as such sentence runs consecutive to petitioner's undischarged 1965 sentence (see, Penal Law § 70.25 [2-a]). Accordingly, we perceive no basis to disturb respondent's calculation of petitioner's term of imprisonment since it is consistent with statutory requirements (see, Penal Law § 70.30 [1] [b]). We also reject petitioner's contention that the application of Penal Law § 70.30 (1) (b) violates the Ex Post Facto Clause inasmuch as the statute was in effect prior to petitioner's 1983 conviction and sentencing.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.