**Alonzo COOK, Petitioner–Appellant,**

v.

**NEW YORK STATE DIVISION OF PAROLE, and New York State Board of Parole, Respondents–Appellees.**

**Docket No. 00–2642.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 25, 2002.

Decided: Feb. 25, 2003.

Georgia J. Hinde, Law Office of Georgia J. Hinde, New York, New York, for Petitioner–Appellant.

Eric A. Johnson, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Caitlin J. Halligan, Solicitor General, Robin A. Forshaw, Assistant Solicitor General, of counsel), Albany, New York, for Respondents–Appellees.

Before: MESKILL and SACK, Circuit Judges, and MURTHA, District Judge.[*]

SACK, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) construing petitioner Alzonzo Cook's *pro se* 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2254 application and dismissing it as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Construing Cook's notice of appeal as a motion for a certificate of appealability, we granted the certificate limited to the following issues: "(1) [W]hether [Cook], a state prisoner, properly challenged the revocation of his parole under 28 U.S.C. [§ ] 2241 rather than 28 U.S.C. [§ ] 2254; (2) whether a state prisoner challenging parole revocation must obtain a certificate of appealability to appeal a district court's denial of [§ ] 2241 relief; and (3) whether the . . . one year statute of limitations [provided by the Anti–Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA")] applies to a state prisoner's [§ ] 2241 petition." *Cook v. New York State Bd. of Parole*, No. 00–2642 (2d Cir. Feb. 9, 2001). We agree with the district court that a state prisoner challenging his or her parole revocation must file under section 2254 and that the time bar imposed by section 2244(d)(1) applies

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

to such an application. Inasmuch as we conclude that the petition was properly considered an application under section 2254, we do not reach the other issue that we certified: whether section 2253(c)(1) requires a person seeking to appeal. the denial of a petition under section 2241 first to obtain a certificate of appealability from us. Because this is Cook's first federal habeas petition and construing it as a section 2254 petition might cause Cook to forfeit unintentionally any otherwise meritorious claims for federal habeas relief he might have, however, we vacate the district court's judgment and remand the case to the district court to afford Cook an opportunity to withdraw his petition pursuant to *Adams v. United States,* 155 F.3d 582, 584 (2d Cir.1998) (per curiam), and also to enable the district court to determine whether the time limitation imposed by section 2244(d)(1) has in fact run.

## BACKGROUND

Petitioner–Appellant Alonzo Cook was convicted of murder in the second degree by a New York State court in 1965. Cook asserts that he received an indeterminate sentence of eight and one-third years to life imprisonment for the crime.[1]

On May 10, 1976, Cook was released on parole. In May 1983, Cook was re-arrested for disfiguring his wife by throwing lye on her face and chest. He eventually pleaded guilty to attempted assault in the second degree. On October 27, 1983, he was sentenced to an indeterminate term of two to four years' imprisonment.

On December 6, 1983, a hearing officer from the New York State Division of Parole (the "Division") questioned Cook about his second conviction. The hearing officer concluded that there was probable cause to believe that Cook had violated the terms of his 1976 parole.

On March 7, 1984, Cook appeared with counsel before another Division hearing officer for a final hearing to determine if Cook's parole should be revoked. On April 4, 1984, the Division issued a notice sustaining the hearing officer's finding that Cook had violated his parole. The Division also revoked Cook's parole and ordered that he be "return[ed] and h[e]ld in accordance with statutory requirements of [his] new indeterminate sentence."[2] Decision Notice—Violation of Parole, FK # 65–A–0055, DCI # 1008888–x (N.Y. Exec. Dep't Apr. 4, 1984). The New York State Board of Parole denied Cook parole after he completed the minimum term of his second sentence in March 1985. *People ex rel. Cook v. Sullivan,* No. 6463–1986, slip op. at 2 (N.Y. Sup.Ct. June 11, 1986). He remains incarcerated.

As early as 1984, Cook began filing challenges in state courts to his continued detention on a variety of bases. All of his petitions were denied. *See, e.g., People ex rel. Cook v. New York State Bd. of Parole,* 122 A.D.2d 240, 505 N.Y.S.2d 383 (2d Dep't 1986) (affirming New York Supreme Court's 1984 denial of Cook's petition for

---

1. *See also New York State Inmate Information Service, at http://nysdocs.docs.state. ny.us:84/ GCA00P00/WIO2/WINO120* (last visited Dec. 14, 2002) (describing Cook's aggregate minimum sentence as "008 Years, 04 Months, 00 Days"). Respondents refer to Cook as receiving "an indeterminate sentence whose maximum term was life," Respondents' Br. at 2, while the Appellate Division referred to the 1965 sentence as "20 years to life." *Cook v.*

*Goord,* 275 A.D.2d 819, 819, 713 N.Y.S.2d 507, 507 (3d Dep't 2000).

2. The Division's decision read in full: "Parole vi[o]lation sustained. Charge 1 sustained. [Delinquency Date] 4/10/83 confirmed. Revoke Parole. Alternatives inappropriate. R[e]turn and hold in accordance with statutory requirements of new indeterminate sentence."

habeas corpus ); *People ex rel. Cook v. Ross,* 232 A.D.2d 591, 591, 648 N.Y.S.2d 948, 948 (2d Dep't 1996) ("This is the third habeas corpus proceeding that the petitioner has brought challenging the revocation of his parole."). These actions continued at least through the year 2000. *See Cook v. Goord,* 275 A.D.2d 819, 713 N.Y.S.2d 507 (3d Dep't) (denying Cook's Article 78 petition to amend his correctional records to reflect that his 1983 sentence had expired and that he was then serving only his 1965 sentence), *lv. to appeal denied,* 95 N.Y.2d 769, 745 N.E.2d 392, 722 N.Y.S.2d 472 (Dec. 14, 2000).

In November 1999, proceeding *pro se* and *in forma pauperis,* Cook filed a petition in the United States District Court for the Eastern District of New York which he styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. This was his first request for federal habeas relief. His petition alleged that his parole revocation hearing had been procedurally flawed, and that the parole board's failure to fix a release date violated his Eighth Amendment right to be free from cruel and unusual punishment. Respondents replied that Cook's petition was time-barred by the AEDPA amendments to 28 U.S.C. § 2244(d)(1). The district court concluded that the limitations period had expired in February 1998, and therefore dismissed Cook's petition as untimely. *Cook v. New York State Bd. of Parole,* No. CV–99–7712, slip op. at 3 (E.D.N.Y. Sept. 28, 2000). It also declined to grant Cook a certificate of appealability pursuant to 28 U.S.C. § 2253 which would have permitted him to appeal the dismissal to this Court. *Id.*

Cook filed a notice of appeal. Construing the notice of appeal as a motion for a certificate of appealability, we granted Cook's motion, limiting his appeal to three issues: "(1) [W]hether [Cook], a state prisoner, properly challenged the revocation of his parole under 28 U.S.C. [§ ] 2241 rather than 28 U.S.C. [§ ] 2254; (2) whether a state prisoner challenging parole revocation must obtain a certificate of appealability to appeal a district court's denial of [§ ] 2241 relief; and (3) whether [AEDPA's] one year statute of limitations applies to a state prisoner's [§ ] 2241 petition." *Cook v. New York State Bd. of Parole,* No. 00–2642 (2d Cir. Feb. 9, 2001). We also ordered that counsel be assigned to Cook for purposes of this appeal. *Id.*

## DISCUSSION

### I. Standard of Review

■ We review the district court's grant or denial of habeas corpus *de novo. LanFranco v. Murray,* 313 F.3d 112, 117 (2d Cir.2002). We are, however, bound by the district court's findings of fact unless they are clearly erroneous. Fed.R.Civ.P. 52(a) & 81(a)(2).

### II. Jurisdiction Under 28 U.S.C. § 2241 or § 2254

Cook styled his request for relief in the district court as a petition for habeas corpus under 28 U.S.C. § 2241. Section 2241 authorizes "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," 28 U.S.C. § 2241(a), to grant a writ of habeas corpus to a "prisoner ... in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3).

■ The fact that Cook invoked section 2241 did not, however, require the district court to treat it as a section 2241 petition. On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. *James v. Walsh,* 308 F.3d 162, 166 (2d Cir.2002).

"[I]t is the substance of the petition, rather than its form, that" governs. *Id.*

The district court correctly treated Cook's petition as an application under section 2254. By its terms, section 2254 applies to "application[s] ... in behalf of ... a person in custody pursuant to the judgment of a State court ... on the ground that [the person applying] is in custody in violation of the Constitution ... of the United States." 28 U.S.C. § 2254(a). That characterizes Cook's petition precisely. *Cf. James,* 308 F.3d at 166–67.

Cook argues, however, that section 2254 is not applicable to his petition because his custody is "pursuant to" an order of the parole board rather than a state court. Cook bases his argument on a series of cases in which we concluded that federal prisoners whose complaints were not directed at the imposition of their sentences could seek habeas relief under 28 U.S.C. § 2241 and thereby avoid the strictures of section 2255, section 2254's analog for federal prisoners. *See, e.g., Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir.2001) (holding that administrative sanctions imposed for possession of narcotics while federally incarcerated may be challenged under section 2241); *Murphy v. United States,* 199 F.3d 599, 601 n. 2 (2d Cir.1999) (per curiam) (noting that a challenge to federal extradition was properly brought under section 2241); *Chambers v. United States,* 106 F.3d 472, 474–75 (2d Cir.1997) (holding that a petition relating to calculation of credit for time served during federal detention was properly brought under section 2241). But, as we observed in *James,* section

2255, which is the vehicle by which persons in federal custody may assert that their sentence violates the federal Constitution or federal law, is critically narrower than section 2254, by which persons in state custody may challenge that custody:

> A claim [under Section 2254] that [a state prisoner] is "in custody" in violation of federal laws is broader than a claim that the imposition of one's sentence is illegal. A federal due process challenge claiming state incarceration beyond that authorized by a judgment and sentence would fall within this broader category of claims. The plain language of the pertinent statutes indicates, therefore, that a federal prisoner may challenge the imposition, but not the execution, of a sentence under Section 2255, while a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.

*James,* 308 F.3d at 167 (citation and parenthetical explanation omitted). Because a *federal* prisoner cannot challenge the *execution* of his or her sentence by a motion under section 2255, he or she must resort to a section 2241 petition to do so. A state prisoner such as Cook, by contrast, not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence—in this case with respect to revocation of Cook's parole—under section 2254. A petition under section 2241 is therefore unavailable to him.[3]

We see no distinction between the state prisoner challenging the calculation of his

---

3. As the *James* court observed:

Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement. Had Congress intended to make Section 2241 available to state

prisoners, it would likely have required, in the interests of comity, that state prisoners challenging the execution of their state-imposed sentences first exhaust their remedies in the state courts.

*James,* 308 F.3d at 167.

sentence in *James* and Cook's challenge to the revocation of his parole. Both were (or are) "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and both could therefore challenge their incarceration only under section 2254 "on the ground that [they were (or are)] in custody in violation of the Constitution ... of the United States," *id.*

We note, finally, that three of our sister circuits have reached a similar conclusion. *See Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir.2001) (petition challenging denial of state parole);[4] *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir.2001) (petition questioning constitutionality of denial of state parole); *Walker v. O'Brien*, 216 F.3d 626, 632–33 (7th Cir.) (petition challenging loss of state-prison good-time credit), *cert. denied sub nom. Hanks v. Finfrock*, 531 U.S. 1029, 121 S.Ct. 606, 148 L.Ed.2d 518 (2000).

### III. Applicability of 28 U.S.C. § 2244(d)(1)

Having decided that Cook's petition was properly treated as having been brought under 28 U.S.C. § 2254, the question is whether, because Cook is "a person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), he was required to file his application within one year after one of the events enumerat-ed in section 2244(d)(1)(A)-(D) occurred. The district court decided that the time bar applied and that Cook's petition was therefore untimely. *Cook v. New York State Bd. of Parole*, No. CV–99–7712, slip op. at 2 (E.D.N.Y. Sept. 28, 2000). With one possible exception that we address in Part V of this opinion, below, we agree.

The limitations language of 28 U.S.C. § 2244(d)(1) reads:

A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Su-

---

4. The Third Circuit reasoned persuasively:
   It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. The rationale for this canon is that a general provision should not be applied when doing so would undermine limitations created by a more specific provision. In the instant action, both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive peti-tions through Section 2244(b). Allowing [petitioner] to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that [petitioner] seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that [petitioner] must rely on Section 2254 in challenging the execution of his sentence.
   *Coady*, 251 F.3d at 484–85 (citations, footnote, and internal quotations omitted).

preme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The limitation—"A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"—seems plainly applicable to Cook's application because he is, indeed, "a person in custody pursuant to the judgment of a State court." *Id.*

We have, moreover, concluded in Part II of this opinion, above, that Cook's petition was properly treated as having been brought as an application under section 2254. Section 2254 applications are generally subject to the one-year limitations period. *See, e.g., Hizbullahankhamon v. Walker,* 255 F.3d 65, 69 (2d Cir.2001) ("Under Title I of [AEDPA], a prisoner in state custody has one year after the date his conviction became final in which to file a habeas petition. 28 U.S.C. § 2244(d)(1)."), *cert. denied,* 536 U.S. 925, 122 S.Ct. 2593, 153 L.Ed.2d 782 (2002); *see also, e.g., Bethea v. Girdich,* 293 F.3d 577, 578 (2d Cir.2002) (per curiam); *Hodge v. Greiner,* 269 F.3d 104, 106–07 (2d Cir. 2001). The section 2244 time limitation and section 2254 both apply, in identical terms, to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); 28 U.S.C. § 2254(a). It follows that both apply to Cook's section 2254 application.

Cook argues nonetheless that the statute of limitations does not apply to his petition challenging his state parole revocation because none of the four events that begin the running of the limitations period specified in sections 2244(d)(1)(A), (B), (C), or (D)—the date of final judgment, the date of the removal of an impediment to filing that was created by unconstitutional or unlawful state action, the date the constitutional right asserted was recognized by the Supreme Court, or the date the factual predicate could have been discovered through due diligence—is applicable in the parole revocation context. He suggests that the one-year limitations period, if applied to parole revocation, could nullify state prisoners' ability to bring federal habeas challenges to the revocation of their parole by expiring before the parole is revoked because the parole revocation may occur more than one year after all of the dates (A) of final judgment, (B) of the removal of any state impediment to filing, (C) of recognition of the constitutional right relied on by the Supreme Court and (D) of discovery of the factual predicate for the claim. Relying on "the longstanding rule" of construction that "Congress must articulate specific and unambiguous statutory directives to effect a repeal" of habeas jurisdiction, *INS v. St. Cyr,* 533 U.S. 289, 298–99, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (citing *Ex parte Yerger,* 75 U.S. (8 Wall.) 85, 105, 19 L.Ed. 332 (1868)), Cook argues that we must construe section 2244(d)(1) as inapplicable to his claim to avoid construing it as a repeal of federal habeas jurisdiction over his claim and claims like it brought by other state prisoners.

■ We disagree. We think that the "factual predicate of [Cook's] claim," 28 U.S.C. § 2244(d)(1)(D), is the revocation of his parole. The limitations time therefore did commence at a time set by the statute, when that "factual predicate [for his] claim . . . could" reasonably have been discovered, i.e., when Cook was notified that the administrative decision to revoke his parole had become final. It is thus not possible for the limitations period on a habeas challenge to parole revocation to expire

before parole is revoked; it expires one year thereafter.[5]

IV. Whether Cook Should Have an Opportunity to Withdraw His Petition Before It Is Construed as a Section 2254 Petition

Cook argues that he should have been given an opportunity to withdraw his section 2241 petition before it was construed by the district court as a section 2254 petition. Under 28 U.S.C. § 2244(b), a prisoner cannot bring a "second or successive" section 2254 petition except under narrow circumstances.[6] If Cook's petition was properly converted into a section 2254 petition, section 2244(b) might preclude Cook from ever seeking federal review of claims, even meritorious ones, not raised in that petition.

We considered a similar argument in *Adams v. United States*, 155 F.3d 582 (2d Cir.1998) (per curiam). There, the petitioner had filed a motion styled as a motion to dismiss for "United States Lack of Territorial Jurisdiction" pursuant to Federal Rule of Criminal Procedure 12(b)(2). Following then-common practice, the district court treated the motion as one under section 2255, and dismissed it on the merits. Thereafter, the petitioner moved to withdraw his motion so that he could consolidate it and a number of other claims into a single section 2255 motion that would not be treated under the severe "second and successive" limitations imposed by section 2244(b)(2). The district court denied the motion to withdraw the petition. We reversed.

We noted that prior to the passage of AEDPA, we had permitted the conversion of a *pro se* prisoner's petition to a section 2255 petition "[i]n order to relax formalities that might needlessly frustrate *pro se* petitioners and because the practice was harmless." *Adams*, 155 F.3d at 583. However, because of AEDPA's stringent limits on "second and successive" petitions, a "conversion which we approved under pre-AEDPA law because it was useful and harmless might, under AEDPA's new law, become extraordinarily harmful to a prisoner's rights." *Id.* at 584. We therefore concluded that:

district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization,

---

**5.** We also agree with the District of Columbia Circuit's observation in *Madley v. United States Parole Comm'n*, 278 F.3d 1306, 1310 (D.C.Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 515, 154 L.Ed.2d 401 (2002), that it is unlikely that Congress intended to extend greater rights to prisoners who challenge parole decisions than to prisoners who challenge their convictions or sentences. It is inconsistent with both the "relative informality of the liberty-affecting administrative process[ ] of parole ... proceedings, compared to judicial convictions and sentencing," because "less process is due in those post-conviction determinations." *Id.*

**6.** 28 U.S.C. § 2244(b)(2) reads:
A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Id.; accord Gitten v. United States,* 311 F.3d 529, 532–33 (2d Cir.2002).

■ Although Cook's petition was converted from one ostensibly made under 28 U.S.C. § 2241 to an application under section 2254 rather than, as in *Adams,* a motion under section 2255, the problem arising from conversion is the same. Whether a petitioner is a state or federal prisoner, converting a *pro se* habeas petition filed under a statute not subject to the severe "second or successive" restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim. Cook, now represented by counsel, has requested an opportunity to withdraw what Cook styled as a section 2241 petition. We conclude that this case should be remanded to the district court for it to afford Cook that opportunity.

V. Calculation of Time Elapsed Under The Section 2244(d) Statute of Limitations Period

Cook argues, finally, that even if the time-bar under section 2244(d) does apply, because of the tolling occasioned by his many state proceedings, his petition was timely.[7] By letter filed with this Court purportedly pursuant to Federal Rule of Appellate Procedure 28(j) supplementing

his brief in this regard, Cook listed seven state proceedings which he argues tolled "all but approximately six months" of the time between the effective date of AEDPA and the filing of his federal habeas petition. Inasmuch as we are remanding this case to the district court in any event, we conclude that should Cook choose not to withdraw his petition, or to file an appropriate new application under section 2254, the district court should recalculate the tolling effect of Cook's various state actions to determine whether the one-year limitation period contained in 28 U.S.C. § 2244 has, contrary to Cook's assertions, in fact run.

### CONCLUSION

For the foregoing reasons, the judgment of the district court is vacated and the case remanded to give Cook an opportunity to withdraw his petition, or, if Cook chooses not to withdraw it, to give the court an opportunity to determine whether that application was timely filed.

**QUEENIE, LTD., Plaintiff–Counter–Defendant–Appellant,**

---

**7.** 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."