**UNITED STATES of America,**
**Appellee,**

v.

**Alexander EFROSMAN, Defendant–**
**Appellant.**

**No. 02–1658.**

United States Court of Appeals,
Second Circuit.

March 28, 2003.

Douglas R. Jensen, U.S. Attorney's Office, Southern District of New York, New York, NY, for Appellee.

Michael S. Kimm, Hackensack, NJ, for Defendant–Appellant.

PRESENT: FEINBERG, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order of the district court is AFFIRMED.

Defendant-appellant Alexander Efrosman appeals from a final order dated November 5, 2002 in the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge* ), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Efrosman challenged a decision by the Bureau of Prisons ("BOP") to deny him credit against his federal sentence for some or all of the time spent incarcerated in France on unrelated charges. Efrosman's petition sought an order from the district court compelling the BOP to grant this credit pursuant to 18 U.S.C. § 3585(b).

Reviewing the district court's denial of habeas corpus de novo, *Cook*, 321 F.3d at 277–78, we note first that, despite Efrosman's "about-face" on appeal, his clear and unequivocal waiver of any and all procedural challenges before the district court in order to expedite a decision on the merits of his sentencing credit claim controls. Efrosman's waiver extinguishes our review authority. *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Turning to the merits of the petition as decided by the district court, we find the district court properly disposed of Efros-

man's principal argument seeking 15 months confinement credit, pursuant to 18 U.S.C. § 3585(b), against his federal sentence for time spent incarcerated in a French prison on an unrelated conviction, during the latter portion of which Efrosman was contemporaneously awaiting extradition to the United States. Efrosman seeks relief to which he is clearly not entitled. Section 3585(b) provides, in pertinent part, that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention ... that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Efrosman received a 15–month sentence for his criminal conviction in France. Efrosman then served the entire 15–month sentence in a French prison. It cannot be more clear that Efrosman received credit for the *entire* 15 month period of incarceration against his French sentence. That this period of incarceration may have overlapped with time spent detained pending extradition is of no moment. Efrosman's incarceration abroad, according to the district court, stemmed first and foremost from his criminal conviction abroad and there was no credible evidence to the contrary. The district court's factual findings on this matter are entitled to great deference, as they are not clearly erroneous. *See* Fed.R.Civ.P. 52(a). Because the totality of Efrosman's 15–month incarceration in France was credited against the totality of the 15–month French sentence imposed, Section 3585(b) precludes Efrosman from also receiving 15–months confinement credit against his federal sentence in the United States. *Cf. United States v. Lab-*

---

1. Efrosman's petition, filed pursuant to 28 U.S.C. § 2255, challenged the propriety of the BOP's execution of his sentence, not the legality of the district court's imposition of his sentence. Placing substance over form, *see Cook v. New York State Div. of Parole*, 321 F.3d 274, 277–78 (2d Cir.2003), the petition is properly construed as brought under 28 U.S.C. § 2241, *see Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir.1997) (holding that petition relating to calculation of credit for time served during federal detention was properly brought under § 2241).

*eille–Soto,* 163 F.3d 93, 99 (2d Cir.1998) (§ 3585 does not permit credit on federal sentence for time already credited against prior state sentence).

The district court also properly disposed of Efrosman's alternative argument that he was entitled to a 7½-month credit against his federal sentence because he would likely have served only half of his 15–month term if it were not for the extradition detainer. We agree with the district court that there was no meaningful evidence to support that argument.

For the reasons stated above, the district court's Order denying Efrosman's habeas petition is hereby AFFIRMED.