■ In the Matter of JOHN D. HOPKINS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [858 NYS2d 464]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered September 18, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In 2003, petitioner was sentenced as a second felony offender to a prison term of $1\frac{1}{2}$ to 3 years for his conviction upon his plea of guilty of grand larceny in the fourth degree. At the time of his incarceration, petitioner owed eight years, one month and two days on prior undischarged sentences. After petitioner made a reappearance before respondent in August 2006, his request for parole release was denied. Petitioner commenced this CPLR article 78 proceeding when his administrative appeal was not timely decided. Supreme Court dismissed the petition, prompting this appeal.

Petitioner primarily contends that respondent's determination must be annulled because it considered erroneous information; namely, that he is currently serving a sentence of $1\frac{1}{2}$ to 3 years upon his grand larceny conviction. According to petitioner, that sentence expired in March 2006. However, that sentence was imposed pursuant to Penal Law § 70.06 and, by operation of law, it runs consecutively to his previous undischarged sentences (*see* Penal Law § 70.25 [2-a]; *Matter of Jackson v Smith,* 36 AD3d 1067, 1068 [2007]). As such, respondent did not err in

stating that petitioner was still subject to that sentence (*see e.g. Matter of Cook v Goord*, 275 AD2d 819, 820 [2000], *lv denied* 95 NY2d 769 [2000]). Furthermore, the record demonstrates that respondent properly considered the appropriate statutory factors (*see* Executive Law § 259-i), including petitioner's lengthy multistate criminal history, his disciplinary history, as well as his institutional achievements, earned eligibility certificate and plans for postrelease integration into the community, before concluding that there was a reasonable probability that petitioner could not live at liberty without violating the law. As petitioner has not demonstrated that respondent's decision was affected by "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; *see Matter of Serrano v Dennison*, 46 AD3d 1002 [2007]), we decline to disturb it.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.