■ In the Matter of ANTHONY ETTARI, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [862 NYS2d 413]—

Appeal from a judgment of the Supreme Court (Donohue, J.), entered November 9, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services calculating petitioner's sentence.

Petitioner has a lengthy criminal record, having been convicted of numerous crimes dating back to 1986 for which he has served various terms of incarceration and also been released to parole supervision. Petitioner's most recent convictions occurred in 2003 when he pleaded guilty to seven counts of burglary in the second degree and was sentenced as a persistent felony offender to 18 years to life in prison. The sentence and commitment order specified that these sentences were to run concurrent to one another, but was silent as to the manner in which they were to run with respect to petitioner's prior crimes. The Department of Correctional Services (hereinafter DOCS) determined, applying Penal Law § 70.25 (2-a), that petitioner's 2003 sentences ran consecutively to his prior sentences. Petitioner disagreed and commenced this CPLR article 78 proceeding challenging this determination. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We reverse. Our recent decision in *People ex rel. Gill v Greene* (48 AD3d 1003, 1004-1005 [2008]) is dispositive of the case at hand. There we held that DOCS had no authority to calculate

the petitioner's sentences as running consecutively to previously imposed sentences when the sentencing court was silent on this issue. Inasmuch as the same situation is presented in the case at bar, we conclude that DOCS had no such authority here. Therefore, Supreme Court improperly dismissed the petition.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Department of Correctional Services for further proceedings not inconsistent with this Court's decision.