09-0210-pr
Adams v. Corcoran

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                     *Circuit Judges*.

---

JERRY ADAMS,

                                        *Petitioner-Appellant*,

            -v-                                      09-0210-pr

MICHAEL CORCORAN,

                                        *Respondent-Appellee*.

---

Appearing for Appellant:     Jane S. Meyers, Law Offices of Jane S. Meyers, Brooklyn, NY.

Appearing for Appellee:      Lisa E. Fleischmann, Assistant Attorney General, (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *on the brief*), for Andrew Cuomo, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Northern District of New York (Singleton, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED**.

Petitioner-Appellant Jerry Adams ("Adams") appeals the December 9, 2008, decision issued by Judge Singleton of the United States District Court for the Northern District of New York granting Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254. We vacate that judgment, as we find that the district court was without jurisdiction to entertain the habeas petition. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Adams's application for the writ of habeas corpus that is the subject of the instant appeal indicates that Adams had previously filed a habeas petition in 1997 in the United States District Court for the Eastern District of New York, asserting claims of, inter alia, perjury, ineffective assistance of counsel, prosecutorial misconduct during summation, and erroneous information at sentencing. That petition was denied in an unpublished opinion filed on August 2, 1999. *See Adams v. Artuz*, No. 97-CV-2343, at 7 (E.D.N.Y. July 29, 1999) (noting that it "address[ed] the merits of the petition" which it ultimately decided to deny).

We must therefore presently address whether Adams's instant petition is a "second or successive" petition under § 2254, triggering the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). While not every numerically second petition is considered a second or successive one, "a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA." *Muniz v. United States*, 236 F.3d 122, 127 (2d Cir. 2001) (internal quotation marks omitted).

Adams was convicted and sentenced in state court in 1989. Adams had two prior convictions. Adams's instant petition alleges a violation of due process based on the decision by DOCS that his 1989 sentence runs consecutively to his previous undischarged sentences, where the judge was silent on the issue. The DOCS "Parole Date Computation" records show that Adams's 1989 sentence was treated as consecutive to Adams's previous undischarged sentences. The time computations show minimum and maximum release dates that reflect service of the full length of Adams's 1989 sentence, and the second line of these records includes the heading "NEW CONSEC TERM." The earliest time computation record for Adams is dated March 2, 1990.

The State indicates that the time computation records "were contained in [Adam's] institutional file at Woodbourne Correctional Facility," which is where Adams is currently confined. Thus, a challenge to the treatment of Adams's 1989 sentences as consecutive to his prior, undischarged sentences, was available to Adams as early as March 2, 1990, that is, well before the filing of his initial 1997 petition. *See generally James*, 308 F.3d at 166-67 (noting that a state prisoner's federal challenge to the execution of his sentence is properly made under § 2254, not under the traditional habeas statute, 28 U.S.C. § 2241). Accordingly, Adams's instant habeas petition is second or successive; before the district court could properly entertain it, Adams was required to apply for, and receive, an order from this Court authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). We deem the district court to have transferred the matter to this Court for that purpose.

2

Under 28 U.S.C. § 2244(b)(2)(B)(i), we may authorize Adams to file a second habeas application with the district court if we determine that his application makes a prima facie showing that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." The State asserts that the DOCS time computations are "provided, as a matter of routine, to the inmate." Adams does not demonstrate, nor does the record reveal how, with due diligence, he could not have discovered his present claim in time to include it in his first habeas petition of 1997.

Having construed the appeal before us as a motion for authorization to file a second habeas petition under § 2254, we now deny it, as Adams has failed to meet the necessary standard. *See* 28 U.S.C. § 2244(b)(2)(B)(i). The district court was thus without jurisdiction to entertain Adams's 2007 petition, and its judgment must be vacated.

Accordingly, the judgment of the district court hereby is VACATED for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3