# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1646SI

_____

Juan Gomez,                                          *
                                                     *
      Appellant,                               *
                                                     *   On Appeal from the United
   v.                                          *   States District Court
                                                     *   for the Southern District
                                                     *   of Iowa.
L. W. Graves, Jr.,                                   *
                                                     *
      Appellee.                                *

_____

Submitted: January 14, 2003
Filed:  March 13, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Juan Gomez is before this Court arguing that his due-process rights were violated when he lost 365 days of good time after being found guilty of assaulting another inmate at the Iowa State Penitentiary. The crux of his argument is that he was guilty only of fighting, not assault. Because he maintains that fighting is a lesser offense,[1] he believes he should have received a less severe sanction. We reject Mr.

_____

[1]There is some dispute among the parties about whether fighting was considered a lesser offense at the time of this incident. Because we conclude that

Gomez's argument and affirm the District Court's[2] denial of his petition for habeas corpus.

I.

Mr. Gomez is a resident of the Iowa State Penitentiary in Fort Madison. At approximately 7:30 a.m. on March 3, 1998, he was in the exercise pen with other inmates. The prison officer charged with watching the exercise pen noticed that Mr. Gomez was engaged in horseplay with another inmate named Luke Martin. As the officer approached, the horseplay escalated into something more serious — the inmates had begun to exchange punches. Mr. Gomez repeatedly punched Mr. Martin in the face. After requesting, to no avail, that the prisoners cease, officers used a chemical agent to break up the fight. Mr. Martin was escorted to the prison infirmary because his face was bleeding. The officers wrote incident reports indicating that Mr. Gomez had committed numerous rules violations, including fighting, assault, and disobeying a direct order from an officer.

Mr. Gomez was brought before the prison's administrative law judge, Charles Harper, for a disciplinary hearing. Mr. Harper concluded that Mr. Gomez had committed two violations: assault and disobeying a direct order. To punish Mr. Gomez, he ordered him confined to the prison's maximum security block for one year and ordered the loss of 365 days of good time.[3] Mr. Gomez appealed this decision to the proper prison officials, but each of his appeals was rejected.

---

there was sufficient evidence to support a finding that Mr. Gomez was guilty of assault, we do not address this dispute.

[2]The Hon. Charles R. Wolle, United States District Judge for the Southern District of Iowa.

[3]The ALJ likewise found Mr. Martin guilty of assault and disobeying a direct order. Mr. Martin received the same sentence.

Mr. Gomez then brought a post-conviction action in the state-court system alleging that the loss of good time violated his due-process rights because there was no evidence to support his conviction for assault. He argued that he was guilty only of fighting, which he regarded as a less serious rules violation. This argument was rejected by the state court, and review was denied by the Iowa Supreme Court. Mr. Gomez then commenced this § 2254 action. The District Court denied his habeas petition, finding that there was some evidence that Mr. Gomez had committed an assault.

II.

Mr. Gomez now presses his argument that he was guilty only of fighting to this Court. We conclude that there was sufficient evidence to support the ALJ's decision that Mr. Gomez was guilty of assaulting Mr. Martin.

Because this case is before us on appeal from a denial of a habeas petition, our review is limited. Mr. Gomez has already presented his argument to the state courts with no success. We review the state courts' decision only to determine whether that ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d).

Under well established Supreme Court precedent, a prison administrative sanction will stand if there is some evidence to support the sanction. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). Thus, courts are to give deference to prison officials and should intercede in prison discipline cases only when the sanctions are wholly unsupported by the record. <u>Id.</u> at 455-56 ("Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant

question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

The crux of Mr. Gomez's challenge is that he was guilty of fighting, not assault. Under the prison rules, these were two different violations. The disciplinary code indicates that "[a]n inmate commits assault when the inmate intentionally causes or threatens to cause injury to another person or applies any physical force . . .," while "[a]n inmate commits fighting when the inmate engages in a physical altercation including the exchange of blows, shoves, kicks, offensive physical conduct, or if horseplaying, the physical conduct need not be in anger." Iowa State Penitentiary Disciplinary Policy and Procedure Handbook, Rules 2 & 13. Mr. Gomez maintains that there was insufficient evidence to show that he was guilty of the former rather than the latter. We conclude that there was some evidence to support the conclusion that Mr. Gomez was guilty of assault. There was evidence that Mr. Gomez struck Mr. Martin repeatedly in the face, actions that would support a conclusion that Mr. Gomez intended to injure Mr. Martin. And, Mr. Martin was, in fact, sufficiently injured during the altercation that his face was bleeding, and the officers had to escort him to the prison infirmary. Mr. Gomez's actions were thus sufficient, under the plain language of the assault rule, to support the sanctions imposed on him.

Mr. Gomez maintains, however, that because this was mutual combat between two individuals it should have been classified as fighting. But nothing in the rules renders assault and fighting mutually exclusive — Mr. Gomez could, by the plain language of the rules, have been sanctioned for either. Indeed, one of the corrections officers indicated in his report that Mr. Gomez was guilty of both fighting and assault. Mr. Gomez resists, however, by directing our attention to testimony of the ALJ during a post-conviction hearing. The ALJ was asked to differentiate the two rules and answered that one difference might be the mutuality of the conflict. He indicated that a unilateral attack would constitute assault rather than fighting. We do not dispute this testimony; however, we do not believe that Mr. Harper's testimony should be

-4-

understood as exhaustive — he was giving only one example. Quite simply, one could rationally view this incident as more than just a fight; Mr. Gomez struck Mr. Martin repeatedly hard enough to make Mr. Martin's face bleed, and Messrs. Gomez and Martin disobeyed direct orders to stop fighting.

In light of these facts, the District Court properly concluded that the state courts' view that there was some evidence to support the sanctions imposed on Mr. Gomez was not unreasonable. The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.