BRISCOE, Circuit Judge,
dissenting:
I respectfully dissent. In my view, the New Mexico state courts reasonably concluded there was “some evidence” to support the disciplinary hearing officer’s decision. I would affirm the district court’s denial of federal habeas relief.
Aquiar, a New Mexico state prisoner, contends his prison disciplinary conviction and the resulting loss of good time credits violated his due process rights because there was no evidence to support the conviction. Because this claim already has been considered and rejected by the New *936 Mexico state courts, our scope of review is extremely limited.[1] Aquiar will be entitled to federal habeas relief only if he can demonstrate the state courts’ ruling “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).
Under clearly established Supreme Court precedent, a prison disciplinary decision revoking a prisoner’s good time credits (assuming the prisoner has a liberty interest in such credits) will satisfy due process concerns if it is “supported by some evidence in the record.” Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). “This standard is met if there [i]s some evidence from which the conclusion of the administrative tribunal c[an] be deduced.” Id. (internal quotations omitted). “Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.” Id. “Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.” Id. at 455-56. Importantly, the Court explained why it adopted this minimal evidentiary standard:
Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.
Id. at 456 (internal citations omitted).
After reviewing the record in this case, I am satisfied that the New Mexico state courts reasonably applied the Hill standard in rejecting Aquiar’s challenge to his disciplinary conviction. In finding Aquiar guilty, the disciplinary hearing officer (DHO) cited two pieces of evidence. First, the DHO referred to Lt. Valentine’s written misconduct report outlining the results of his investigation. The report stated that Valentine had “discovered that an attempted escape had been planned by Inmate Aquiar and Inmate Carter.” ROA, Doc. 13, Exh. C. More specifically, the report stated “[t]he plan was for Inmate Carter to escape the institution at the same time that Inmate Aquiar was to parole out of this facility,” and that the “escape plan included the aid of an Officer, which was *937 substantiated by physical evidence.” Id. Second, the DHO referred to a verbal statement from Captain Seyler “that during the investigation it was discovered that Inmate Aquiar initiated the whole plan and brought the staff member into the plan.” Id., Exh. D at 1; see id., Exh. F. In my view, this evidence, considered separately or together, supports the conclusion reached by the DHO.
The majority cites this same evidence and reaches the opposite conclusion.[2] According to the majority, neither Valentine’s written misconduct report nor Seyler’s oral statement discloses the “facts upon which they base[d] their assertions” that Aquiar was involved in an escape plan. Maj. Op. at 934. The majority states that “[n]o physical evidence was introduced at the [disciplinary] hearing” even though Valentine’s “report statefd] that ‘physical evidence’ substantiate^] the escape plan.” Id. In short, the majority concludes it is not enough for a correctional officer to summarize the results of his or her investigative findings. Instead, the officer must also detail or, better yet, present to the DHO what the majority describes as “physical” or “concrete” evidence supporting the officer’s findings. In the absence of such support, the majority is unwilling to afford any weight to the officer’s report or statement.
Not only does the majority position fail to give proper deference to the state courts’ resolution of the issue, it effectively imposes an evidentiary standard more demanding than the “some evidence” standard outlined in Hill and simultaneously ignores the concerns cited in Hill in adopting that minimal standard. In particular, the majority position runs contrary to the goal of “avoiding burdensome administrative requirements that might be susceptible to manipulation” by inmates, and transforms “the disciplinary process” from “a means of rehabilitation” into a mini-criminal trial. See Hill, 472 U.S. at 455.

. I agree with the majority that we are bound by Montez v. McKinna, 208 F.3d 862, 865 (10th Cir.2000), to treat Aquiar's petition as having been filed pursuant to 28 U.S.C. § 2241. Montez does not, however, obligate us to apply a de novo standard of review to the claims asserted in Aquiar's petition. Indeed, Montez recognizes that some of the provisions of 28 U.S.C. § 2254 may apply to a § 2241 proceeding filed by a state prisoner. See Montez, 208 F.3d at 866.
In passing, I note that Montez is the only circuit decision I have found that holds that a challenge by a state prisoner to the execution of his sentence must be construed pursuant to § 2241. Other circuits deciding the issue have held that such challenges must be construed pursuant to § 2254. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir.2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir.2003); Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir.2003); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); Walker v. O’Brien, 216 F.3d 626, 639 (7th Cir.2000); MacFarlane v. Walter, 179 F.3d 1131, 1134 (9th Cir.1999).

. The majority purports to apply the standard of review set forth in § 2254(d)(2), i.e., whether the state courts’ ruling was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” It is clear, however, that application of the Hill "some evidence” standard does not require a court to make any factual findings, and there is no indication in the record on appeal that the New Mexico state courts did so. Thus, the appropriate standard of review is the one set forth in § 2254(d)(1). E.g., Gomez v. Graves, 323 F.3d 610, 612 (8th Cir.2003) (applying § 2254(d)(1) standard of review to similar challenge asserted by state prisoner).