Eric WILSON, Petitioner–Appellant,

v.

Michael McGINNIS, Superintendent,
Southport Correctional Facility,
Respondent–Appellee.

Docket No. 04–4125–PR.

United States Court of Appeals,
Second Circuit.

Argued: May 13, 2005.

Decided: July 5, 2005.

Jonathan Kirshbaum, Center for Appellate Litigation (Robert S. Dean, on the brief), New York, NY, for Petitioner–Appellant.

Andrew Sacher, Assistant District Attorney (Robert T. Johnson, on the brief, Joseph N. Ferdenzi, Allen H. Saperstein, Peter A. Sell, of counsel), Bronx County, New York, NY, for Respondent–Appellee.

Before: FEINBERG, CARDAMONE, and SACK, Circuit Judges.

FEINBERG, Circuit Judge.

Eric Wilson, incarcerated at Southport Correctional Facility, appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.) denying his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). We have jurisdiction under 28 U.S.C. § 2253(a).

Wilson was convicted in New York Supreme Court, Bronx County, following his plea of guilty to one count of attempted robbery in the second degree. The court sentenced Wilson to a prison term of 12 years to life. The conviction was affirmed by the Appellate Division, and leave to appeal was denied by the New York Court of Appeals. Wilson thereafter petitioned the federal district court for a writ of habeas corpus, arguing that the trial court had denied him due process. The basis for this claim was the court's failure to advise him at the time of his guilty plea that his sentence would run consecutively to a then-undischarged sentence on a prior drug-selling conviction. Because Wilson has failed to establish that the state courts unreasonably applied clearly established Supreme Court precedent, we affirm the district court's denial of the petition.

## I. BACKGROUND

In September 1998, Wilson pled guilty to a charge of attempted robbery in the second degree. The charge arose from an August 1996 incident during which Wilson, displaying a knife, pulled a gold chain from another man's neck. At the plea colloquy, the court told Wilson that he faced a term of 12 years to life. This was due to several prior convictions, which required the court to consider Wilson a "persistent violent felony offender." N.Y. Penal Law § 70.08. Wilson indicated that he understood he would be so sentenced. In October 1998, Wilson moved to withdraw the plea, claiming that he had pled guilty under coercion and duress. The court, after reviewing the plea minutes, denied the motion, finding that Wilson's plea had been knowing, voluntary and intelligent. In December 1998, after a court-ordered psychiatric exam found Wilson fit to proceed, the court sentenced Wilson to 12 years to life in prison, despite Wilson's continued assertions that he wished to withdraw his plea and go to trial.

During the sentencing hearing, the prosecutor requested that Wilson's sentence be imposed consecutively to his undischarged sentence for a drug-related state felony offense. In April 1995, Wilson had been arrested and charged with selling drugs. He was then released on bail or recognizance pending proceedings on that charge, and committed the 1996 attempted robbery during that period. In October 1997, Wilson pled guilty to the drug charge and was sentenced in New York Supreme Court, Bronx County in March 1998 to a prison term of 3–6 years for that offense.

The fact that Wilson committed the attempted robbery while on bail was the basis for the prosecutor's request that his sentences run consecutively. Under section 70.25(2–b) of the New York Penal Law, a sentence imposed after a violent felony conviction must run consecutively to a sentence imposed on an earlier felony conviction where the violent felony was committed while the defendant was out on bail or recognizance pending proceedings on the earlier felony conviction, but before sentence was imposed for that earlier felony. N.Y. Penal Law § 70.25(2–b). There is a limited discretionary exception to this rule:

> [T]he court may, in the interest of justice, order a sentence to run concurrently in a situation where consecutive sentences are required by this subdivision if it finds either mitigating circumstances that bear directly upon the manner in which the crime was committed or . . . [that] the defendant's participation was relatively minor . . . .

Id. The sentencing judge granted the prosecutor's request, stating that "by law, the

sentence must run consecutive to the conviction [of the drug offense]." At no point during the sentencing hearing did Wilson or his lawyer object to the prosecutor's request for, or the court's imposition of, a consecutive sentence. Wilson did, however, complain generally about the length of the sentence and continued to insist on his innocence and his wish to withdraw his plea.

Wilson timely appealed to the New York Appellate Division, asserting that his guilty plea was invalid both because the court had not advised him at the time of his plea that he would be sentenced consecutively, and because he had entered his guilty plea, despite his consistent claims of innocence, while his decision-making ability was impaired. The Appellate Division affirmed the conviction, concluding that the sentencing judge had properly exercised his discretion in denying Wilson's motion to withdraw his guilty plea after "conduct[ing] a suitable inquiry in which defendant received an adequate opportunity to be heard." *People v. Wilson*, 299 A.D.2d 222, 749 N.Y.S.2d 409, 409 (1st Dept. 2002). The court found that Wilson's claims of lack of voluntariness were properly rejected as vague, conclusory and unpersuasive. *Id.* It also held that Wilson's plea was not rendered involuntary by the fact that he was not informed about the consecutive sentence at the time he pled guilty. *Id.*

Wilson's application to the New York Court of Appeals for permission to appeal the Appellate Division's affirmance was denied. *People v. Wilson*, 99 N.Y.2d 566, 754 N.Y.S.2d 219, 784 N.E.2d 92 (2002). Wilson then timely petitioned the district court for a writ of habeas corpus, arguing that his conviction pursuant to his guilty plea violated his due process rights because he had not been informed prior to his plea that he would be sentenced con-

secutively. Judge Hellerstein denied the petition in a thorough opinion, holding that Wilson's constitutional rights were not violated. *Wilson v. McGinnis*, No. 03 Civ. 4625(AKH), 2004 WL 1534160 (S.D.N.Y. July 8, 2004).

The sole issue in Wilson's appeal is one of first impression for this court: whether, prior to entering a guilty plea, a state defendant must be informed that his sentence in state custody must be served consecutively to, rather than concurrently with, a previously imposed undischarged state sentence. We held in *United States v. Parkins*, 25 F.3d 114, 119 (2d Cir.1994), that the sentencing court need not advise defendants that a federal sentence will run consecutively to a state sentence. We now must decide whether the fact that both sentences are state-imposed distinguishes this case from *Parkins*, or whether the rule in *Parkins* may reasonably be extended to cover two consecutive state sentences.

## II. DISCUSSION

### A. Standard of Review

■ We review the denial of a writ of habeas corpus de novo. *Gutierrez v. McGinnis*, 389 F.3d 300, 302 (2d Cir.2004). A federal court may grant a petition challenging a state court decision on the merits if the adjudication of the claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ...." 28 U.S.C. § 2254(d)(1). Wilson asserts that the state court's decision upholding the validity of the guilty plea was an unreasonable application of Supreme Court precedent.

### B. Validity of Guilty Plea

■ A guilty plea must be a "voluntary and intelligent choice among the al-

ternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). It is a settled principle of federal constitutional law that a guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its "direct consequences." *Brady*, 397 U.S. at 755, 90 S.Ct. 1463 (citation omitted).

The Supreme Court has not defined which consequences of a guilty plea are "direct" and therefore must be disclosed to the defendant, and which consequences are collateral and need not be conveyed to the defendant prior to his plea. However, this court has joined several of its sister circuits in defining direct consequences as those that have a "definite, immediate and largely automatic effect on the range of the defendant's punishment," and designating other consequences as collateral. *United States v. United States Currency*, 895 F.2d 908, 915 (2d Cir.1990) (citation and internal punctuation omitted). *See United States v. Salerno*, 66 F.3d 544, 550–51 (2d Cir.1995) (fact that instant conviction may be treated as felony in separate sentencing for later offense is collateral consequence of defendant's guilty plea); *see also Dalton v. Battaglia*, 402 F.3d 729, 733 (7th Cir.2005) (change in the maximum sentence for which defendant is eligible is direct consequence of plea); *Steele v. Murphy*, 365 F.3d 14, 17 (1st Cir.2004) (possibility of being deemed a sexually dangerous person after conviction is collateral

consequence); *United States v. Kikuyama*, 109 F.3d 536, 538 (9th Cir.1997) (because district court had discretion to impose concurrent sentence, imposition of consecutive federal sentences was collateral consequence); *United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir.1990) (effect of plea's potential enhancing effect on future sentences is collateral).

We have held that federal courts need not warn defendants prior to the entry of a plea that their federal sentences may run consecutively to their state sentences. *Parkins*, 25 F.3d at 118–19.[1] In *Parkins*, we stated that the imposition of such a consecutive sentence is not a direct consequence of a plea because, while the federal statute requiring the federal and state sentences to be consecutive "may in effect lengthen [the defendant's] time in jail, it does not lengthen the *federal* sentence, or directly affect it in any other way." *Id.* at 118 (emphasis in original).

We recognize that our prior decisions and those of other circuits distinguishing between direct and collateral consequences do not determine whether the state court unreasonably applied clearly established federal law as determined by the Supreme Court. *See Mask v. McGinnis*, 252 F.3d 85, 89–90 (2d Cir.2001) (per curiam) (holding that petitioner's showing that Second Circuit precedent was unreasonably applied did not entitle petitioner to habeas relief, since habeas statute requires showing that *Supreme Court* precedent was unreasonably applied). Nonetheless, these prior decisions can and indeed must guide us in determining what constitutes an unreasonable application, under § 2254(d), of the rule that a guilty plea must be knowing, intelligent and voluntary in order to

---

1. Other circuit courts have so held. *See United States v. Hurlich*, 293 F.3d 1223, 1231 n. 3 (10th Cir.2002) (collecting cases from Third, Fourth, Fifth, Sixth, Seventh and Eighth Circuits, and noting disagreement of Ninth Circuit).

be valid. *Cf. Serrano v. Fischer*, 412 F.3d 292, 299, n.3 (2d Cir.2005).

▮ In his brief, Wilson urges that the rule set forth in *Parkins* should not be extended to the imposition of consecutive state sentences, because "the mandatory consecutive state sentences imposed here clearly had the effect of lengthening the actual *state* sentence and punishment that was imposed pursuant to the guilty plea" (emphasis in original). We cannot agree. The court informed Wilson at the time he entered his plea to the attempted robbery charge that the court intended to sentence him to a prison term of 12 years to life, and that is precisely the sentence that the court imposed. Wilson had already been sentenced to 3–6 years in prison in a separate proceeding for an unrelated state felony. The two sentences were not contingent on one another, and it is inaccurate to assert, as Wilson does, that one sentence was increased by imposition of the other.

Wilson contends in his brief that because, "under [New York Penal Law] § 70.30(1)(b), the two sentences are combined to form the actual term of imprisonment, ... the two sentences are *not* collateral to each other, but are connected to one another through § 70.25(2–b)" (emphasis in original). This is also incorrect. Section 70.30(1)(b) prescribes the calculation of a term of imprisonment when the defendant has been sentenced to two or more consecutive terms. The statute does not purport to "connect" or relate the two terms for any purpose other than to compute how long the defendant is to be incarcerated.

Wilson further maintains that the consecutive sentence was a direct consequence of his plea because § 70.25(2–b) made the imposition of that sentence mandatory and automatic. However, as the district court correctly observed, § 70.25(2–b) gives the sentencing court discretion to impose a concurrent sentence if it determines that such a sentence would be "in the interest of justice" and if the court finds either "mitigating circumstances that bear directly upon the manner in which the crime was committed" or determines that the defendant was a "relatively minor" participant in the crime. *Wilson*, 2004 WL 1534160, at *7. While the sentencing court clearly believed that Wilson did not qualify for either of the exceptions to § 70.25(2–b)'s consecutive sentencing requirement, it cannot be said that the court had no discretion to determine whether such an exception could be made or that the court erroneously failed to exercise its lawful discretion. Under these circumstances, we reject Wilson's contention that § 70.25(2–b) had such a "definite, immediate and largely automatic" effect on the range of punishment as to constitute a direct consequence of the plea.

In light of the foregoing analysis, we conclude that the prevailing rule that imposition of a federal sentence to run consecutively to a state sentence is a collateral consequence of a plea may reasonably be extended to apply to imposition of consecutive state sentences. Therefore, the state court's failure to inform Wilson at the time he pled guilty that he could receive a consecutive sentence did not unreasonably apply the general principle of Supreme Court law that a plea must be knowing, intelligent and voluntary to be valid.

## C. Denial of the Writ

Wilson was not denied due process when he was not informed that his sentence for robbery would run consecutively to his undischarged sentence for the drug felony. We agree with the district court's reasoning in refusing to grant Wilson's petition, and we find that the remainder of Wilson's arguments lack merit.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court denying the writ is affirmed.