**UNITED STATES of America,**
**Appellee,**

v.

**Francisco JUSINO, Defendant–**
**Appellant.**

**No. 06–0440–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 20, 2007.

Michael K. Bachrach (Richard Jasper, on the brief) New York, NY, for Defendant–Appellant.

Diane Gujarati (William C. Komaroff, on the brief) Assistant United States Attor-

neys, of counsel, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.*

## SUMMARY ORDER

Defendant Francisco Jusino appeals from a judgment of the United States District Court for the Southern District of New York (Jones, *J.*) dated January 20, 2006, sentencing him to 135 months' imprisonment, following his guilty plea to a single count of attempt to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the underlying facts, procedural history, and the issues raised on appeal.

With respect to appellant's contention that the district court erred in denying his *pro se* motion to withdraw his guilty plea, we review that determination for abuse of discretion. *See United States v. Adams,* 448 F.3d 492, 498 (2d Cir.2006).

"The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992). Rather, courts must consider whether there is a "fair and just reason" for requesting the withdrawal. *See United States v. Schmidt,* 373 F.3d 100, 102 (2d Cir.2004) (per curiam). This involves examination, among other things, of whether the defendant has asserted his "legal innocence in the motion to withdraw the guilty plea," the "amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just)" and "whether the government would be prejudiced by a withdrawal of the plea." *Id.* at 102–03. Where the defendant has not asserted legal innocence, and where too much time has elapsed between the plea and the request, a court need not reach a conclusion about the government's prejudice to reject the motion. *See United States v. Rosen,* 409 F.3d 535, 547 (2d Cir.2005).

We conclude that the district court properly engaged in this analysis and that the result reached was not an abuse of discretion. In rendering her decision, Judge Jones noted that Jusino waited more than six months before seeking to withdraw his plea. Moreover, as her decision rightly concluded, Jusino's claim of innocence rested on a mistaken premise: By his own admission, he set up a meeting with a confidential informant to purchase cocaine, closed the deal, and then traveled to the meeting place to retrieve the drugs he had purchased. These actions go beyond mere preparation and constitute a "substantial step" toward commission of the offense. *See United States v. Brand,* 467 F.3d 179, 202 (2d Cir.2006). Jusino's contention that he was nonetheless "innocent" since he would not have been able to complete the transaction is simply incorrect. He was convicted only of an attempted narcotics offense, a crime of which he was undeniably guilty. *See United States v. Weisser,* 417 F.3d 336, 352 (2d Cir.2005) ("It is hornbook law that factual impossibility is not a defense to a charge of attempt in substantive criminal law...."). Rather

---

* The Honorable Thomas J. Meskill, who was a member of this panel, died prior to oral argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. See 2d Cir. Interim R. 0.14(b).

than effectively claiming legal innocence in his motion, Jusino conceded his guilt of attempt.

Jusino also argues that the district court erred in neglecting to inform him, as part of the plea colloquy, that his guilty plea would deprive him of the benefits of a favorable change in the law that might occur. We see no authority for this contention. A defendant pleading guilty need only be informed of the "direct consequences" of his plea. *See Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). We have said that "direct consequences" are those that work a "definite, immediate and largely automatic effect on the range of the defendant's punishment." *See Wilson v. McGinnis,* 413 F.3d 196, 199 (2d Cir.2005). Being barred from taking advantage of a future beneficial change in the law falls in none of these categories.

Finally, we decline to address Jusino's far-reaching argument that mandatory-minimum sentences are inherently unconstitutional. His plea agreement waived his right to "file a direct appeal ... [for] any sentence within or below the Stipulated Sentencing Guidelines Range of 135 to 168 months...." Because he was sentenced within this range to a term of 135 months in prison, he may not challenge his sentence on appeal. *See United States v. Fisher,* 232 F.3d 301, 303 (2d Cir.2000) (noting "we have regularly enforced waivers of [this] sort").

We have carefully considered all of the appellant's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED**.