07-1928-cr
United States v. Antonetti

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT: DENNIS JACOBS,
                                                    **Chief Judge**,
                    GUIDO CALABRESI,
                    DEBRA ANN LIVINGSTON,
                                                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - - -X
**UNITED STATES OF AMERICA,**
            **Appellee**,

            **-v.-**                                          07-1928-cr

**JOSE ANTONETTI,**
            **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**        LAURIE S. HERSHEY, Law Offices of Laurie S. Hershey, Esq., Manhasset, New York.

**APPEARING FOR APPELLEE:**        JOHN J. O'DONNELL (Preet Bharara, Andrew L. Fish, <u>on the brief</u>), United States Attorneys Office of the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the sentence be **AFFIRMED** and the matter **REMANDED to allow the district court to amend the written judgment.**

Defendant-Appellant Jose Antonetti appeals his sentence on the grounds that the district court abused its discretion by: sentencing him more severely than his similarly-situated co-defendants, giving insufficient weight to his difficult background, and sentencing him beyond the maximum period explained to him by the court in the plea hearing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** First, Antonetti argues that his sentence is improper because it created an unwarranted sentencing disparity between him and his co-defendants. A district court may, in its discretion, "consider disparities between co-defendants." <u>United States v. Frias</u>, 521 F.3d 229, 236 (2d Cir. 2008); <u>see also</u> <u>id.</u> at n.8. If a district court chooses to do so, we require only that the court's reasoning be "logical[]" and consistent with the factors listed in 18 U.S.C. § 3553(a)(1). <u>See</u> <u>United States v. Wills</u>, 476 F.3d 103, 110 (2d Cir. 2007) (internal quotation marks omitted), abrogated on other grounds by <u>United States v. Cavera</u>, 550 F.3d 180, 191 (2d Cir. 2008) (<u>in banc</u>). Here, Antonetti and his co-defendants are not so similarly-situated as to render any sentencing disparity unjustified. <u>See</u> <u>United States v. Fernandez</u>, 443 F.3d 19, 32 (2d Cir. 2006). The district court did not err in this regard.

**[2]** Second, Antonetti argues that the district court failed to give sufficient mitigating weight to his background. In imposing sentence, a district court must "satisfy us that it has considered the parties' arguments and that it has a reasoned basis for exercising [its] own legal decisionmaking authority." <u>Cavera</u>, 550 F.3d at 193. A "brief statement of reasons" generally suffices; "we do not require robotic incantations that the district court has considered each of the § 3553(a) factors." <u>Id.</u> (internal quotation marks omitted). In this case, the district court clearly met its obligations when it explicitly recognized defense counsel's argument regarding Antonetti's background.

**[3]** Third, Antonetti contends that his sentence is improper because it violated the plea agreement and exceeded the district court's explanation at the plea hearing that the maximum possible sentence was twenty years. Antonetti was sentenced to 168 months' imprisonment--72 months *fewer* than the 20-year maximum. Antonetti seems to argue that because 91 months of the 168-month sentence were to run consecutively to his undischarged federal sentence, the court actually imposed a sentence of 259 months (168 + 91), which is 19 months greater than the applicable maximum. Antonetti's position has no basis in the law; that 91 months of his sentence were set to run consecutively does not change the fact that he received a 168-month sentence. See United States v. Parkins, 25 F.3d 114, 118-19 (2d Cir. 2005). Moreover, Antonetti had no right to be told at the plea hearing that his sentence might run consecutively to his undischarged federal sentence. See Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 1998).

**[4]** We do agree with both parties, however, that the written judgment erroneously shows the sentence as being 161 months rather than the 168 months that was actually imposed. We therefore remand this case for the limited purpose of allowing the district court to correct the written judgment in this regard. See United States v. Jacques, 321 F.3d 255, 263 (2d Cir. 2003) (explaining that when there is a conflict between an unambiguous oral sentence and the written judgment, the oral sentence controls and "the proper remedy is to remand for amendment of the written judgment").

Finding no merit in Antonetti's remaining arguments, we hereby **AFFIRM** the sentence and **REMAND** to allow the district court to amend the written judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK