OPINION OF THE COURT
Marcy L. Kahn, J.
Defendant Bernard Fuller stands convicted upon his plea of guilty of three counts of burglary in the third degree (Penal Law § 140.20). He now moves for the second time, pro se, to vacate the judgment pursuant to Criminal Procedure Law § 440.10. The People oppose the motion.
For the reasons stated below, defendant’s motion is summarily denied.
I. Factual and Procedural Background[1]
On January 14, 2010, defendant filed his first pro se motion to vacate the judgment pursuant to CPL 440.10. (Affidavit of Bernard Fuller in support of motion, sworn Jan. 7, 2010.) In that motion, defendant advanced two principal claims. First, he contended that his guilty pleas were not knowingly, intelligently and voluntarily entered, because the court failed to question de *1146 fendant about his claim of having been fraudulently induced by police to confess in violation of his right to due process. And second, he claimed that he did not knowingly, intelligently and voluntarily waive his right to appeal the convictions.
In a decision and order dated May 10, 2010, this court summarily denied defendant’s motion. (People v Fuller, Sup Ct, NY County, May 10, 2010, No. 04611/09.) This court found on the merits that both defendant’s guilty plea and waiver of appeal were made knowingly, intelligently and voluntarily and that defendant, “who was not a stranger to the criminal justice system, voluntarily made a rational and advantageous choice by accepting the plea agreement, including the waiver of his appellate rights.” (Id., slip op at 12.)
On April 26, 2010, defendant filed the instant pro se^ motion. (Affidavit of Bernard Fuller in support of motion, sworn Apr. 16, 2010 [defendant’s motion].) On May 27, 2010, the People submitted their response in opposition. (Affirmation of Elizabeth Maurer, Esq., in response to defendant’s CPL 440.10 motion, dated May 27, 2010 [People’s response].) On June 16, 2010, defendant filed a reply affidavit. (Affidavit of Bernard Fuller, styled as “Reply to District Attorney’s Affirmation, Pursuant To CPL § 440.10,” sworn June 8, 2010 [defendant’s reply].)
II. Legal Standards
A. CPL 440.10
Criminal Procedure Law § 440.10 provides that at any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment, inter alia, on the ground that “[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States” (CPL 440.10 [1] [h]). A CPL 440.10 motion is not a vehicle for a second appeal, however. (People v Cooks, 67 NY2d 100, 103 [1986].) Rather, it is designed to inform a court of facts not appearing on the record and unknown at the time of judgment that would, as a matter of law, undermine the judgment. (People v Harris, 109 AD2d 351, 353 [2d Dept 1985], lv denied 66 NY2d 919 [1985].)
Criminal Procedure Law § 440.10 (2) sets forth the circumstances under which a court must deny a motion to vacate judgment. A motion to vacate judgment must be denied when the judgment is, inter alia, appealable at the time of the making of the motion and sufficient facts appear on the record to permit adequate appellate review (CPL 440.10 [2] [b]) or, notwithstand *1147 ing the existence of a sufficient factual record, no appellate review occurred owing to the defendant’s unjustifiable failure to raise such ground on appeal (CPL 440.10 [2] [c]). Criminal Procedure Law § 440.10 (3) establishes a court’s permissive authority to deny the motion. Pursuant to CPL 440.10 (3) (b), a court may deny a defendant’s motion to vacate judgment where the ground or issue raised in the motion was previously decided on the merits by a court of this state or by a federal court, other than upon a direct appeal from the judgment. In addition, pursuant to CPL 440.10 (3) (c), a motion to vacate judgment may be denied if, in a previous CPL 440.10 motion, “the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.” However, nothing in CPL 440.10 (3) prevents a court “in the interest of justice and for good cause shown” from granting a motion if it is “otherwise meritorious.” (CPL 440.10 [3].)
Where the motion to vacate is not procedurally barred by the applicable provisions of CPL 440.10 (2) or (3), the court must consider the motion on the merits. (CPL 440.30 [2] [b]; People v Harris, 109 AD2d at 353-354.)
B. CPL 440.30
In determining whether a motion is meritorious, the court must grant the motion without conducting a hearing if the moving papers allege a ground constituting a legal basis for the motion (CPL 440.30 [3] [a]), which ground, if factually based, is supported by sworn allegations of fact (CPL 440.30 [3] [b]), and the sworn factual allegations essential to the motion are either conceded by the People or are conclusively substantiated by unquestionable documentary proof. (CPL 440.30 [3] [c].)
The court may, nonetheless, upon reaching the merits still deny the motion without a hearing if the moving papers, inter alia, fail to allege a ground constituting a legal basis for the motion (CPL 440.30 [4] [a]) or fail to allege sufficient facts to support the legal ground asserted (CPL 440.30 [4] [b]; People v Session, 34 NY2d 254, 255-256 [1974]). The court may also deny the motion summarily if an essential factual allegation “(i) is contradicted by a court record . . . , or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true.” (CPL 440.30 [4] [d].) Only in the event that the court does not determine the motion pursuant to the other provisions of CPL 440.30 must a hearing be conducted. (CPL 440.30 [5].)
*1148 III. Discussion
In his moving affidavit and accompanying exhibits, defendant advances two claims. He first contends that his Fifth Amendment due process rights were violated because his guilty plea was not knowingly, intelligently and voluntarily entered, as a result of the court’s failure to inform him that his new sentence would run consecutively to any prison time he owed on undischarged sentences on his prior convictions. He also challenges the merit eligibility date calculated by the New York State Department of Correctional Services (DOCS).
A. Voluntariness of the Plea
There can be no doubt that to pass constitutional muster, a plea of guilty must be entered knowingly, intelligently and voluntarily. (North Carolina v Alford, 400 US 25 [1970]; Brady v United States, 397 US 742 [1970]; Boykin v Alabama, 395 US 238 [1969]; People v Gravino, 14 NY3d 546 [2010].) Defendant claims that his plea was not knowingly, intelligently, and voluntarily entered because he was “not appraised [sic] prior to sentencing that his [current] sentences will run consecutively to his undischarged sentences.” (Defendant’s motion at 1-2.)
At the outset, this claim is procedurally barred. There appears to have been no impediment to defendant’s having raised this claim in his previous CPL 440.10 motion, but he failed to do so. Therefore, defendant’s motion on this ground is denied pursuant to CPL 440.10 (3) (c).
On its merits, this claim fares no better. Penal Law § 70.25 (2-a) provides, in pertinent part, that where “an undischarged . . . sentence of imprisonment [has been] imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence.” Thus, it is statutorily mandated that a sentence imposed upon a defendant run consecutively to the undischarged portion of a prior sentence.
In People v Wilson (299 AD2d 222 [1st Dept 2002], lv denied 99 NY2d 566 [2002]), the Appellate Division, First Department, in a decision on point with the instant matter, and binding upon this court, held that the failure of the court to inform a defendant at the time of his guilty plea of the operation of this statute did not undermine the constitutionality of the conviction:
“The fact that defendant was not informed that his bargained-for term would run consecutively with *1149 the undischarged sentence on a previous conviction did not impair the voluntariness of the plea, since the requirement that the sentences run consecutively was a statutory mandate and not a part of the plea agreement.” (Id. at 222; see also People v Johnson, 183 AD2d 573 [1st Dept 1992] [consecutive sentencing requirement not product of plea agreement, but resulted from statutory mandate of Penal Law § 70.25].)
In People ex rel. Gill v Greene (12 NY3d 1 [2009], cert denied sub nom. Gill v Rock, 558 US —, 130 S Ct 86 [2009]), the Court of Appeals reaffirmed that sentences newly imposed on predicate felony offenders run consecutively to undischarged sentences as a matter of statutory mandate. In Gill, the petitioner brought a CPLR article 78 proceeding to challenge the authority of DOCS to calculate his newly imposed sentence to run consecutively to his previous undischarged sentences, relying, inter alia, upon Matter of Gamer v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]) and Earley v Murray (451 F3d 71 [2d Cir 2006]) and arguing that as in the case of the court’s omission to state the term of postrelease supervision (Penal Law § 70.45), the failure of the sentencing court to pronounce that sentencing term violated his due process rights and only the court, and not the correctional agency, was authorized to correct the error. (12 NY3d at 4-5.) In rejecting that argument, reversing the Appellate Division’s decision accepting it and dismissing the petition, the Court of Appeals distinguished Garner and Earley as having involved the failure of the sentencing court to pronounce a required term of postrelease supervision (PRS) as a part of the sentence, “an error that only a court could correct.” (Id. at 6.) In Gill, by contrast, the Court explained that the sentencing court had pronounced the full sentence in the petitioner’s presence and thus had “committed no error.” (Id. at 6-7.) The Gill Court held that because Penal Law § 70.25 (2-a) statutorily commanded that the new sentence run consecutively to any undischarged sentences, no pronouncement by the court was necessary to effect the consecutive running of the sentence with the undischarged term, which occurs by operation of law. Where the court is silent, “it is deemed to have imposed the consecutive sentence the law requires.” (Id. at 4.) Thus, distinguishing the application of the recidivist consecutive sentencing provision of section 70.25 (2-a) from the PRS portion of a determinate sentence, the Gill Court concluded that “the sentencing court here committed no error and there was none for DOCS to correct.” (Id. at 7.)
*1150 In the instant case, defendant relies upon People v Morbillo (56 AD3d 694 [2d Dept 2008]) in which the Appellate Division, Second Department, held that the sentencing court’s failure to advise a defendant at the time of plea that a newly imposed sentence would run consecutively to an undischarged sentence entitled that defendant to vacation of his conviction. That court, which issued its decision prior to the ruling of the Court of Appeals in Gill, relied entirely on PRS cases in reaching its determination: People v Hill (9 NY3d 189 [2007], cert denied 553 US 1048 [2008]), People v Louree (8 NY3d 541 [2007]) and People v Catu (4 NY3d 242 [2005]). As already explained, the Court of Appeals’ subsequent decision in Gill expressly held that such PRS cases are inapposite to cases where the court is silent as to the running of a sentence consecutively to an undischarged sentence. (See People ex rel. Gill v Greene, 12 NY3d at 5.) The Morbillo decision, therefore, must be read as having erroneously relied upon the PRS cases.
Further, recent decisions of the Second Department addressing the same issue presented in this case and in Morbillo, albeit in the context of a CPLR article 78 proceeding against DOCS or its Commissioner to vacate the agency’s calculation of consecutive prison time for a parole violator due to the court’s failure to- pronounce that condition at sentencing, have applied the reasoning of Gill, not that of Morbillo, and have found no error to have occurred. (See e.g. Matter of Ramos v Connolly, 74 AD3d 1080 [2d Dept 2010]; Matter of Soto v Fischer, 60 AD3d 1074 [2d Dept 2009], Iv denied 12 NY3d 900 [2009], reconsideration denied 13 NY3d 792 [2009].) Moreover, research reveals no case following Morbillo on this point after the Court of Appeals issued its decision in Gill.
For the same reason, the other case relied upon by defendant, People v George (59 AD3d 858 [3d Dept 2009]), which in turn cites People v Tausinger (55 AD3d 956 [3d Dept 2008]), another case involving failure to pronounce a period of PRS, is no more helpful to him than Morbillo. George, in any case, is to be distinguished from both Morbillo and this case, as it involved a failure to inform the defendant of the consecutive running of a new sentence with a resentence upon a probation violation, the terms of which lay entirely within the discretion of the sentencing judge, rather than an omission to mention an undischarged incarceratory term arising out of a parole violation, which, pursuant to statute, must be served consecutively. The former related to a revocable sentence (under Penal Law § 60.01 [2] [a], *1151 [b] [regarding terms of probation or conditional discharge under Penal Law article 65, or intermittent imprisonment under Penal Law article 85]), the latter to an undischarged term being served by á predicate felony offender (pursuant to Penal Law § 70.25 [2-a] [relating to terms of imprisonment imposed under recidivist sentencing provisions of Penal Law article 70]). It is clear that Penal Law § 70.25 (2-a) does not relate to a revocable sentence such as was at issue in George. And as has already been noted, the First Department’s decision in Wilson is precisely on point and is controlling. The consecutive running of defendant’s sentences was statutorily mandated, and the court’s failure to inform defendant of that fact neither caused his sentence to be incomplete, as was true in the PRS cases, nor rendered his plea unknowing, involuntary or unintelligent under Fifth Amendment due process standards.
To satisfy due process standards that the plea be both voluntary and intelligent, it is well established that the defendant must enter the plea with full awareness of its “direct consequences.” (Brady v United States, 397 US at 755.) A “direct consequence” of a conviction is one that has “ ‘a definite, immediate and largely automatic effect on [a] defendant’s punishment.’ ” (People v Gravino, 14 NY3d at 553-554, citing Brady v United States, 397 US at 755.) To the extent that defendant argues that the running of his new sentence consecutively to his undischarged sentences is a direct consequence of his plea because the merger of the sentences lengthens the sentence imposed on him in this case, defendant’s argument is refuted by the decision of the United States Court of Appeals for the Second Circuit in Wilson v McGinnis (413 F3d 196 [2d Cir 2005]), addressing People v Wilson (supra) on federal habeas corpus review.
In denying the writ, the McGinnis court considered whether the consecutive running of the petitioner’s sentences was a direct consequence of his plea, entitling him to disclosure when the plea was entered. The Circuit Court first noted that under its own precedent, federal courts need not warn defendants that newly imposed federal sentences may run consecutively to preexisting state sentences, because that circumstance in no way lengthened the terms of the new sentence itself. (Wilson v McGinnis, 413 F3d at 198-199, citing United States v Parkins, 25 F3d 114 [2d Cir 1994].) The McGinnis court then extended the Parkins rationale to the case of consecutively imposed state sentences, rejecting the argument that the consecutive running *1152 of the petitioner’s sentences was a direct consequence of his plea because the sentences merged pursuant to Penal Law § 70.30 (1) (b). (Id. at 200-201.) The Court explained that Penal Law § 70.30 (1) (b) does not lengthen either sentence, but merely sets forth the manner of calculation of the duration of the individual’s imprisonment. (Id. at 200.)
Although McGinnis is not controlling here (see People v Kin Kan, 78 NY2d 54, 60 [1991] [“the interpretation of a Federal constitutional question by the lower Federal courts may serve as useful and persuasive authority for our Court while not binding us” (citation omitted)]), it is clear to this court that its reasoning is correct and the merger of defendant’s sentences for purposes of calculating his prison release date in no way lengthens or affects his sentence in this case. Accordingly, the consecutive running of the instant sentence is not a direct consequence of his plea and the court’s failure to so advise defendant did not violate due process.
Thus, as there is no legal basis for defendant’s due process claim, it is denied. (CPL 440.30 [4] [a].)
B. Computation of Defendant’s Prison Time
Defendant also alleges that DOCS has illegally added three months’ additional “delinquent” time to the minimum term of his sentence from his prior undischarged sentence. He seeks an order of this court compelling DOCS to recalculate his time. (Defendant’s motion, exhibit 1, at 3.) He does not delineate his claim further, but has instead provided a “Notice of Final Declaration of Delinquency by Board of Parole” dated October 26, 2009 (id., exhibit 1), informing him that because his conviction in the instant case occurred while he was on parole for a prior conviction for burglary in the third degree on which he had received a sentence of SVa to 7 years’ imprisonment, and on which he had been released to parole, the undischarged time from his sentence for the previous conviction may be added to the maximum expiration term of his new sentence. (Id., exhibit 1.) He has also provided two additional documents entitled “Legal Date Computation,” one dated October 26, 2009 (id., exhibit 2) and the other dated November 25, 2009 (id., exhibit 3), which appear to have been generated by DOCS. The latter document evidences a delay of three months in defendant’s merit eligibility date from that shown on the earlier document.
To the extent that defendant is challenging DOCS’ calculation of his merit time, relief is not available on a CPL 440.10 *1153 motion to vacate judgment. To the extent he believes DOCS has exceeded its authority or has acted arbitrarily in arriving at this computation, he must raise such allegations in a proceeding pursuant to article 78 of the Civil Practice Law and Rules, naming DOCS as the respondent party. (See CPLR 7803.)
In any case, his argument lacks merit. “It is well established that ‘[g]ood behavior allowances are in the nature of a privilege . . . and no inmate has the right to demand or to require that any good behavior allowance be granted to him.’ ” (Matter of Edwards v Goord, 26 AD3d 659, 660 [3d Dept 2006], lv denied 7 NY3d 710 [2006].) The authority to determine an inmate’s merit time is vested by statute in DOCS and its decisions are not reviewable if made in accordance with law. (Correction Law § 803 [4].) Defendant has asserted no legal basis for this court to address the merit release determination by DOCS. Accordingly, his motion based on this claim is denied. (CPL 440.30 [4] [a].)
E. Other Issues[2]
This court has considered the other issues raised by defendant and finds them to be without merit.
IV Conclusion
For the reasons stated, defendant’s motion to vacate the judgment of conviction pursuant to CPL 440.10 is denied in its entirety, without a hearing.
[Portions of opinion omitted for purposes of publication.]

. To the extent not set forth below, familiarity with the factual and procedural history of the case as discussed in the decision and order of this court dated May 10, 2010 denying defendant’s previous motion to vacate the judgment is presumed.

. Sections III. C. and III. D. are omitted for purposes of publication.