**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0261n.06

No. 09-4573

**FILED**

**Mar 08, 2012**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JEROME HALL,                                    )
                                                )
    Petitioner-Appellant,                       )        ON APPEAL FROM THE
                                                )        UNITED STATES DISTRICT
v.                                              )        COURT FOR THE NORTHERN
                                                )        DISTRICT OF OHIO
MARGARET BRADSHAW, Warden,                      )
                                                )
    Respondent-Appellee.                        )
                                                )


BEFORE: GIBBONS, GRIFFIN, and DONALD, Circuit Judges.

PER CURIAM. Jerome Hall, an Ohio prisoner, appeals the district court's denial of his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. We affirm.

In 2005, Hall pleaded guilty to selling or offering to sell between 25 and 100 grams of crack cocaine, in violation of Ohio Rev. Code § 2925.03, with a firearm specification. The plea agreement provided that Hall would be sentenced to consecutive terms of nine years for the drug conviction and three years for the firearm specification, for a total of 12 years of imprisonment. Prior to entering his plea, Hall pleaded guilty in federal court to being a felon in possession of a firearm and was sentenced to 70 months of imprisonment. At the plea hearing, Hall asked why he could be charged in state and federal court for multiple offenses arising from possession of the same firearm. The trial court explained that the offenses were different and that, under the dual sovereignty doctrine, individuals can be prosecuted by both the state and federal governments for the same offense conduct. Hall stated that he understood and proceeded to enter his plea.

At the sentencing hearing, Hall's attorney urged the trial court to make Hall's 12-year sentence run concurrent with his federal sentence, noting that Hall was not carrying a firearm at the time of his arrest and was receiving a much longer sentence than his co-defendant. The state countered that a consecutive sentence was warranted in light of Hall's criminal history and offense conduct. The trial court ordered Hall's sentence to run consecutively to his federal sentence, citing Hall's record and the need to protect the public. At the time that Hall was sentenced, Ohio law provided that a state prison term should be served concurrently with any other state or federal prison term, *see* Ohio Rev. Code § 2929.41(A), but that the trial court could order consecutive sentences if it made certain findings, including a need to protect the public or punish the offender, *see* Ohio Rev. Code § 2929.14(E)(4) (2004).

On direct appeal, Hall argued, through counsel, that his plea was involuntary because the trial court failed to fully advise him of the penalties for the firearm specification and of certain facts concerning post-release control, and that he was entitled to resentencing in light of *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). In a supplemental pro se brief, Hall argued that his trial counsel was ineffective for not objecting to the firearm specification, failing to "nail down" in the plea agreement whether his state sentence would be consecutive to or concurrent with his federal sentence, and failing to inform him that he would receive a consecutive sentence. The Ohio Court of Appeals affirmed. *State v. Hall*, No. 87059, 2007 WL 274372 (Ohio Ct. App. Feb. 1, 2007), *appeal denied*, 867 N.E.2d 846 (Ohio 2007). Hall then moved to withdraw his plea, arguing that he would not have pled guilty had he known that the trial court would impose a consecutive sentence and that he was not properly advised of the consequences of his plea. The trial court denied the motion, the Ohio Court of Appeals affirmed, and the Ohio Supreme Court denied discretionary review.

In his habeas petition, Hall raised four claims: 1) his guilty plea was involuntary because the trial court did not advise him of certain constitutional rights; 2) he was entitled to resentencing under *Foster*; 3) his trial counsel was ineffective; and 4) his motion to withdraw his guilty plea should have been granted. The district court analyzed Hall's first and fourth claims as a single claim alleging that his plea was involuntary because he was not properly advised that his state and federal sentences could be ordered to run consecutively. The district court concluded that relief was not warranted because there was no evidence that the trial court, the prosecutor, or defense counsel promised Hall that his sentences would be ordered to run concurrently. For the same reason, the district court concluded that Hall had failed to establish that his trial counsel was ineffective. Finally, the district court concluded that Hall's second claim lacked merit in light of *Oregon v. Ice*, 555 U.S. 160, 169-70 (2009), which held that sentencing courts may rely on judicial fact-finding to impose consecutive sentences. The district court granted a certificate of appealability as to Hall's first and third grounds for relief, "to the extent that those claims allege that Hall's plea was not knowing or voluntary and that his trial counsel was ineffective because the court and counsel failed to inform and/or misled Hall regarding whether his state sentence could be imposed consecutively to his federal sentence."

In a § 2254 proceeding in which the district court relies on the facts determined in state court, we review the district court's decision de novo. *See Holder v. Palmer*, 588 F.3d 328, 337 (6th Cir. 2009). A federal court may grant a writ of habeas corpus to a state prisoner with regard to a claim that the state court adjudicated on the merits only if 1) the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or 2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented" in state court. 28 U.S.C.

§ 2254(d)(1), (2). State court findings of fact are presumed correct and may be disturbed only if the petitioner shows by clear and convincing evidence that they are incorrect. 28 U.S.C. § 2254(e)(1).

A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citation omitted). The defendant must have a full understanding of the "direct consequences" of pleading guilty, including the maximum sentence to which he is exposed. *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).

Hall argues that his guilty plea was involuntary because the trial court failed to inform him that his state sentence could be made consecutive to his federal sentence. We have held, however, that "whether a federal sentence runs consecutive to or concurrent with a state sentence is not considered a direct consequence of the plea." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990); *see also Wilson v. McGinnis*, 413 F.3d 196, 200 (2d Cir. 2005) (concluding that habeas relief was not warranted based on the trial court's failure to inform the defendant that he could receive a consecutive sentence). Accordingly, the fact that the trial court did not expressly inform Hall that his state sentence could be made consecutive to his federal sentence did not render his plea involuntary. The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

Hall also argues that his trial counsel was ineffective for failing to advise him that he could be subject to consecutive sentences. A defendant claiming ineffective assistance of counsel in connection with a guilty plea must demonstrate: 1) that his counsel's performance was deficient, and 2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 57-59. The record does not

support Hall's claim that his trial attorney failed to inform him of the possibility that he could receive consecutive sentences. At sentencing, Hall's attorney and Hall himself urged the trial court to make his state sentence concurrent with his federal sentence, indicating that both were aware that the trial court had the discretion to impose a consecutive or a concurrent sentence. Accordingly, the state court's rejection of Hall's ineffective-assistance-of-counsel claim was reasonable.

Finally, although Hall challenges the district court's rejection of his claim that the imposition of consecutive sentences based on judicial fact-finding violated his Sixth Amendment rights, neither the district court nor this court granted a certificate of appealability on this claim. Appellate review is limited to the issues specified in the certificate of appealability. *See* 28 U.S.C. § 2253(c); *Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir. 2000). Moreover, the district court correctly held that relief on this claim is foreclosed by the Supreme Court's decision in *Ice*.

For these reasons, we affirm the district court's judgment.