12-3839-cr(L)
United States v. Caraballo

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
              GERARD E. LYNCH,
              RAYMOND J. LOHIER, JR.,
                  *Circuit Judges,*
_____

UNITED STATES OF AMERICA,

    *Appellee,*

          v.                                        **12-3839-cr(L),**
                                                **14-4203-cr(Con)**

FRANK CARABALLO,

    *Defendant-Appellant,*
_____

FOR DEFENDANT-APPELLANT:   NATASHA SEN, ESQ. Brandon, VT
                            (Mark Kaplan, Kaplan and Kaplan, Burlington, VT *on the brief*),

FOR APPELLEE:   PAUL J. VAN DE GRAAF, Chief, Criminal Division, (Joseph R. Perella and Gregory L. Waples, Assistant United States Attorneys, *on the brief*), *for* Eric S. Miller, United States Attorney for the District of Vermont, Burlington, VT

Appeal from judgments of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 4, 2014 is **AFFIRMED** and the appeal of the judgment entered on September 13, 2012 is **DISMISSED** for lack of appellate jurisdiction.

Defendant-appellant Frank Caraballo appeals two judgments of conviction entered by the United States District Court for the District of Vermont (Reiss, *C.J.*). In the first, Caraballo seeks to withdraw his guilty plea to five counts of distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In the second appeal, Caraballo challenges his conviction at trial of (1) one count of conspiring to distribute heroin, cocaine, and 28 grams or more of cocaine base under 21 U.S.C. §§ 846, 841(b)(1)(B), and 851, (2) one count of causing the death of a person by murder while in possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §§ 924 (j)(1) and 924(c)(1)(A)(i), and (3) one count of possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(C)(i). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In this summary order, we address Caraballo's arguments regarding (1) the sufficiency of the evidence supporting his conviction, (2) the District Court's evidentiary rulings, (3) his Confrontation Clause challenge, and (4) the withdrawal of his plea. A separate opinion issued with this order considers, and similarly rejects, Caraballo's Fourth Amendment argument.

1. Sufficiency of the Evidence

Caraballo contends that there was insufficient evidence to convict him of causing the death of Melissa Barratt by murder. Conducting a *de novo* review and considering the evidence

in the light most favorable to the Government, *United States v. Desposito*, 704 F.3d 221, 226, 229 (2d Cir. 2013), we hold that a rational trier of fact could have found beyond a reasonable doubt that Caraballo caused the death of Barratt by murder for substantially the same reasons as those stated by the District Court in its thorough opinion. *See United States v. Caraballo*, No. 12-cr-105, 2014 WL 3535348, at *7-10 (D. Vt. July 16, 2014).

2. Evidentiary Rulings

Next, Caraballo challenges a number of the District Court's evidentiary rulings at trial. We review these rulings "under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015) (internal quotation marks omitted). "[E]ven if a ruling was 'manifestly erroneous,' we will still affirm if the error was harmless." *Id.* (internal quotation marks omitted).

First, Caraballo argues that District Court erred when it admitted a series of text messages between Barratt and Edward Angelillo, Barratt's bail bondsman, that were inadmissible hearsay. Though the District Court perhaps incorrectly admitted these messages as business records under Federal Rule of Evidence 803(6), the admission of the texts was not erroneous because they were not offered by the Government for the truth of the matter asserted. Rather, the Government used the texts to demonstrate that Barratt had been in contact with Angelillo up until a certain time, at which point she ceased communicating.

Second, Caraballo contends that the District Court abused its discretion in failing to exclude, under Federal Rule of Evidence 403, a statement made by Caraballo to his prison cellmate that he would be in the "gas chamber" if he left his fate "in God's hands." App. 2002. As the District Court recognized, Caraballo's admission has probative value because it could

3

demonstrate that Caraballo understood himself to have committed an act worthy of significant punishment. While this statement potentially admits other meanings, and in spite of a risk of any unfair prejudice that might arise by reference to the death penalty, it was not manifestly erroneous for the District Court to conclude that probative value of the statement was not substantially outweighed by the risk of unfair prejudice.

Third, the District Court did not abuse its discretion in finding that Rule 403 did not bar Joshua Lopez from testifying on redirect that both he and his family had received threats in connection with his cooperation with the Government.[1] On cross examination, Caraballo's counsel strongly contested Lopez's motivation for cooperating with law enforcement and, in fact, elicited testimony from Lopez that he was threatened in the first place. As such, Lopez's re-direct testimony, which clarified his prior testimony concerning the threats, was not only probative as to Lopez's motive for testifying against Caraballo, but also hardly prejudicial given that Lopez had already stated that unspecified threats had contributed to his decision to cooperate. The admission of Lopez's testimony was therefore not erroneous.

### 3. Confrontation Clause

Caraballo further contends that the District Court's admission of an officer's statement in a video of Caraballo's interrogation— that Barratt was afraid of Caraballo—violated Caraballo's rights under the Confrontation Clause.[2] The Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to

---

[1] The Government argues that the admission of this statement should be subject to plain-error review. We need not decide whether that is the applicable standard as the statement is admissible even were we to apply an ordinary abuse-of-discretion standard.

[2] Again, the Government argues that the admission of this statement is subject to plain-error review because Caraballo failed to raise it below, but the error, if any, from its admission is harmless in any event.

4

testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). If we determine that evidence was admitted in violation of the Confrontation Clause, we may nevertheless affirm if we are "satisfied beyond a reasonable doubt that the error complained of . . . did not contribute to the verdict obtained." *United States v. Lee*, 549 F.3d 84, 90 (2d Cir. 2008) (internal quotation marks omitted). In making this determination, we consider: "(1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted testimony; and (4) whether such evidence was cumulative of other properly admitted evidence." *Id.* (internal quotation marks omitted)

The admission of the officer's statement, if erroneous, does not require reversal because any such error would be harmless. Although Caraballo contends that, because the Government's overall case was weak and the statement was central to its case, the admission of the officer's statement was not harmless, this argument ignores the fact that, within the same video, officers had already stated that Barratt had told them that she was afraid of Caraballo. Given that Caraballo fails to challenge the admission of this earlier statement, the mere *reiteration* of this fact would not have been material to the verdict. This is all the more certain in light of the redaction of the challenged testimony from the record and the Government's failure to reference the statement later at trial.

4. Withdrawal of Guilty Plea

Finally, we lack jurisdiction to consider Caraballo's contention that he should be allowed to withdraw his guilty plea. In his reply brief, Caraballo argues that his plea was not a "voluntary and intelligent choice among the alternative courses of action open to [him]," *Wilson v. McGinnis*, 413 F.3d 196, 198-99 (2d Cir. 2005) (quoting *North Carolina v. Alford*, 400 U.S. 25,

5

31 (1970)), because he was not aware, at time he filed his notice of appeal, that there was evidence that "suggest[ed]that he was stopped in violation of the Fourth Amendment," Reply Br. 2. The notice of appeal for the September 13, 2012 judgment, however, makes clear that Caraballo's appeal concerns only his sentence, and not his conviction. As a result, we lack appellate jurisdiction to examine whether Caraballo should be allowed to withdraw his guilty plea. *See* Fed. R. App. P. 3(c)(1)(B); *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007).[3]

We have considered the remainder of Caraballo's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment entered on November 4, 2014, and DISMISS the appeal of the judgment entered on September 13, 2012 for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] In any event, because we conclude, in an opinion issued with this summary order, that the Government's actions in arresting Caraballo did not violate the Fourth Amendment, Caraballo's argument that his plea was involuntary by virtue of this search would fail regardless.