16-4212-cr
United States v. Persaud

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand eighteen.

PRESENT: DENNIS JACOBS,
         RICHARD C. WESLEY,
         EDWARD R. KORMAN,*
                  <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
     <u>Appellee</u>,

     -v.-                        16-4212

Taramatie Persaud,
     <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Bradley L. Henry, Henry Law Firm PLLC, New York, NY.

FOR APPELLEE:           Jane Kim, Assistant United States Attorney on behalf of

---

*Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

1

Geoffrey S. Berman, United States Attorney for the Southern District of New York (Anna M. Skotko, United States Attorney, on the brief), New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Taramatie Persaud appeals from the judgment of the United States District Court for the Southern District of New York (Wood, J.), sentencing her to 21 months in prison after she pled guilty to wire fraud. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Persaud was arrested in 2015 for embezzling rent payments intended for her employer, a property management company, and wiring the proceeds of the scheme to Guyana. The Indictment charged one count of forging postal money orders and one count of wire fraud. In December 2015, she pled guilty to the wire fraud count before a magistrate judge, and was sentenced by the district judge to pay restitution and serve 21 months in prison.

Persaud contends that her guilty plea was not voluntary because the magistrate judge failed to adhere to the Rule 11 requirements for plea colloquies. See Fed. R. Crim. P. 11(b). Persaud did not raise the issue of a Rule 11 violation at the time of the plea, so we review for plain error. United States v. Youngs, 687 F.3d 56, 59 (2d Cir. 2012) (citing United States v. Vonn, 535 U.S. 55, 62-63 (2002)). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotations omitted).

"[A] guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently." Wilson v. McGinnis, 413 F.3d 196, 199 (2d Cir. 2005)(citing Brady v. United States, 397 U.S. 742, 748 (1970) and Boykin

2

v. Alabama, 395 U.S. 238, 242-43 (1969)). Rule 11 is "designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." United States v. Maher, 108 F.3d 1513, 1520 (2d Cir. 1997). It requires the district court to "advise the defendant of the right to plead not guilty, the rights waived by pleading guilty, and other specific consequences of pleading guilty, such as the maximum penalties he faces." Youngs, 687 F.3d at 59; see Fed. R. Crim. P. 11(b).

Persaud points to no specific omission under Rule 11, but instead argues that the magistrate judge erred by asking her how she would plead before he finished advising her of her rights. She claimed this order of recitation violated standard federal practice in this circuit, citing examples of plea colloquies in other cases in the Southern District in which the judge asked whether the defendant "still" wished to plead guilty after being advised of a defendant's rights. Appellant's Br. at 8-9.

Whether or not the magistrate judge should have proceeded in a different order, Persaud's claim fails for lack of prejudice. Crucially, Persaud does not sustain her burden to show that "but for the error, [she] would not have entered the plea." United States v. Vaval, 404 F.3d 144, 151 (2d Cir. 2005) (internal quotations omitted). Persaud was specifically informed that the magistrate judge would not approve the plea until he had "determine[d] that [she] underst[ood] the plea and its consequences, that the plea is voluntary, and that there is a factual basis for the plea." J. App'x at 24. Persaud concedes that the magistrate judge advised her of each of her Rule 11(b) rights. Appellant's Br. at 6. She answered questions lucidly under oath and confirmed that she understood each of her rights as they were read to her. After the government recited the elements of her offense and the court instructed her that the government "would have the burden of proving each and every element of the offense beyond a reasonable doubt," Persaud re-confirmed that she committed the offense and described it in detail. Only after this thorough inquiry did the court enter the plea. Persaud did not protest that she wished to change her mind, or think again, after receiving all of the relevant and necessary information under Rule 11.

"Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but

3

fails to attempt to withdraw his plea based on that violation, there can be no" plain error.  <u>Vaval</u>, 404 F.3d at 152.  Persaud's failure to attempt to withdraw her plea or make a timely objection after she was advised of her rights is fatal to her appeal.

    For the foregoing reasons, and finding no merit in Persaud's other arguments, we hereby **AFFIRM** the judgment of the district court.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK